UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 21-5767-MCS (KS) | Date: July 23, 2021 |
| Title *Sylvester Floyd v. Rick M. Hill* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

### I.   The Petition

On July 15, 2021, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) According to the Petition, Petitioner was convicted in July 2002 and sentenced in January 2003 to a term of 25 years in state prison. (Petition at 2.) Petitioner states that he appealed his conviction to the California Court of Appeal, which denied his appeal in October 2020, and then filed a petition for review in the California Supreme Court, which denied the petition in December 2020. (Petition at 2-3.) Petitioner states that he then commenced filing state habeas petitions, and the California Supreme Court denied his state habeas petitions in March 2021. (Petition at 3-4.) The Petition asserts two claims for federal habeas relief: (1) Petitioner asserts that he received ineffective assistance of appellate counsel; and (2) he asserts a Due Process challenge to a 1985 plea agreement pursuant to which Petitioner was convicted of willful cruelty of a child causing great bodily injury. (Petition at 5-9); *see also People v. Floyd*, No. B306167 (Cal. Ct. App. Oct. 4, 2020), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 23, 2021).

### II.   Petitioner's Prior Proceedings

Petitioner's description of the procedural history is belied by the state court records and Petitioner's previous habeas petitions in this Court.[1] On March 17, 2004, Petitioner filed a habeas

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                                      Date: July 23, 2021

Title   *Sylvester Floyd v. Rick M. Hill*

petition in this Court challenging his 2002 conviction and related sentence. *Sylvester Floyd v. K. Prosper*, No. 2:04-cv-01801-SJO-AJW (Dkt. Nos. 1). In that case, the Court stated that, in 2002, Petitioner was convicted of possession of a firearm by a felon and Petitioner admitted the allegations that he had suffered prior convictions for willful cruelty to a child, arson of an inhabited structure, and false imprisonment. *Id.* at Dkt. No. 19. The Court noted that Petitioner had appealed his 2002 conviction to the California Court of Appeal, which affirmed Petitioner's conviction in October 2003. *Id.* at 1. The Court also stated that, in January 2004, the California Supreme Court denied Petitioner's petition for review. *Id.* On November 17, 2004, the Court denied Petitioner's 2004 petition with prejudice. *Id.* at Dkt. No. 22. The Court takes judicial notice of its own records and of the relevant state court records and concludes that Petitioner completed his direct appeal in connection with his 2002 conviction in January 2004 when the California Supreme Court denied Petitioner's petition for review. *See also People v. Floyd*, No. S120959 (Cal. S. Ct. Jan. 14, 2004), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 22, 2021).

Petitioner filed two more federal habeas petitions in this Court, both of which the Court dismissed on the grounds that they were unauthorized second or successive petitions. *Sylvester Floyd v. James A. Yates*, No. 2:08-cv-05985-SJO-AJW (Dkt. No. 1 ("2008 Petition")); *Sylvester Floyd v. R.L. Gower*, No. 2:12-cv-04930-SJO-AJW (Dkt. No. 1 ("2012 Petition")).

In December 2012, Petitioner filed a petition in state court for a recall of his sentence and a new sentencing hearing pursuant to Proposition 36. *People v. Floyd*, No. B286819 (Cal. Ct. App. Jul. 16, 2018), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 22, 2021). The trial court found Petitioner ineligible for resentencing under Proposition 36 because he was armed during the commission of his commitment offense, and, on July 22, 2018, the California Court of Appeal affirmed the trial court's finding. *Id.* Petitioner filed a petition for review with the California Supreme Court, which denied the petition on September 19, 2018. *People v. Floyd*, No. S250460 (Cal. S. Ct. Sep. 19, 2018), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 22, 2021).

In April 2020, Petitioner filed a motion in trial court for modification of his sentence based on California Penal Code Section 1016.8, which was enacted in January 2020 and precludes plea bargains requiring a defendant to waive unknown future benefits based on changes in the law. *People v. Floyd*, No. B306167 (Cal. Ct. App. Oct. 5, 2020), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 22, 2021). Petitioner argued that his 1985

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                                                  Date: July 23, 2021

Title   *Sylvester Floyd v. Rick M. Hill*

conviction for willful cruelty of a child and 1992 conviction for arson of an inhabited structure should be vacated because, at the time he entered into his plea bargains in those cases, he could not have known that California would later enact the Three Strikes Law and expose him to increased prison terms for subsequent crimes due to his recidivism. *Id.* at 3. On May 4, 2020, the trial court summarily denied Petitioner's motion, and Petitioner then appealed. *Id.* On October 5, 2020, the California Court of Appeal affirmed the trial court's summary denial of Petitioner's motion, finding that Section 1016.8 was inapplicable to Petitioner because, *inter alia*, it did not apply to convictions that were final before its January 2020 enactment. *Id.* at 5. The California Court of Appeal, which had appointed counsel for Petitioner in connection with his Section 1016.8 motion, also concluded that his attorney had properly declined to assert an argument based on Section 1016.8. *Id.* at 5. Petitioner filed a petition for review in the California Supreme Court, which denied the petition on December 23, 2020. *People v. Floyd*, No. S265632 (Cal. S. Ct. Dec. 23, 2020), *available at* https://appellatecases.courtinfo.ca.gov (last visited Jul. 22, 2021). Approximately seven months later, on July 12, 2021, Petitioner constructively filed the instant Petition.

Petitioner also has filed no fewer than thirteen habeas petitions in the California state courts: nine in the California Supreme Court;[2] and four in the California Court of Appeal.[3] The earliest of these petitions was filed in the California Supreme Court in March 2008, approximately four years after Petitioner's 2002 conviction became final and twenty years after his 1985 conviction became final. Accordingly, the Court need not delve into the exact timing of these petitions in order to conclude that the instant Petition is subject to dismissal because it fails to state a cognizable claim for relief, is facially untimely, and/or constitutes an unauthorized second or successive petition.

---

[2]   No. S161706 was filed on March 13, 2008 and denied on August 13, 2008. No. S163834 was filed on May 27, 2008 and denied on August 13, 2008. No. S196247 was filed on September 6, 2011 and denied on January 18, 2012. No. S230987 was filed on December 4, 2015 and denied on March 9, 2016. No. S230987 was filed on December 4, 2015 and denied on March 9, 2016. No. S249492 was filed on June 13, 2018 and denied on October 10, 2018. No. S266828 was filed on January 25, 2021 and denied on March 10, 2021.

[3]   No. B231207 was filed in the Second Appellate District of the California Court of Appeal on February 28, 2011 and denied on March 10, 2011. No B233332 was filed in the Second Appellate District of the California Court of Appeal on May 31, 2011 and denied on June 23, 2011. No. B264427 was filed in the Second Appellate District of the California Court of Appeal on June 1, 2015 and denied on June 12, 2015. No. B310983 was filed in the Second Appellate District of the California Court of Appeal on March 15, 2021 and denied on March 26, 2021.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                             Date: July 23, 2021

Title   *Sylvester Floyd v. Rick M. Hill*

### III.   Habeas Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.  To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Id.*  Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is not cognizable, is facially untimely, and/or constitutes an unauthorized second or successive petition.**

### IV.   The Petition Appears to Assert Noncognizable Claims for Federal Habeas Relief

It appears to the Court that Petitioner's primary motive in bringing the Petition is to attack the state courts' determination that newly enacted Penal Code Section 1016.8 does not entitle Petitioner to relief from the consequences of his 1985 plea agreement.  However, Petitioner may only seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted).  The federal habeas court is bound by, and may not revisit, state court interpretations of state law, including the state courts' determination here that California Penal Code Section 1016.8 does not apply to Petitioner.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2006) (per curiam).

Additionally, Petitioner had no federal constitutional right to the assistance of effective counsel in connection with his 2020 motion to vacate his 1985 conviction.  To the contrary, it is well-established that a criminal defendant generally has no Sixth Amendment right to counsel beyond his first appeal.  *See Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further").  Accordingly, to the extent that Petitioner seeks federal habeas relief on the grounds that the attorney appointed for him by the California Court of Appeal in connection with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                                             Date: July 23, 2021

Title   _Sylvester Floyd v. Rick M. Hill_

his Penal Code Section 1016.8 motion was ineffective, his claim is not cognizable and may be summarily dismissed. *See, e.g., Garcia v. Fox*, No. CV 16-5837-JFW (DFM), 2016 WL 8223352, at *5 (C.D. Cal. Sept. 6, 2016) (recommending summary dismissal of a habeas petition arguing that counsel on appeal of the denial of his resentencing petition was constitutionally ineffective), report and recommendation adopted, No. CV 16-5837-JFW (DFM), 2017 WL 522151 (C.D. Cal. Feb. 8, 2017).

**V.     The Petition is Facially Untimely**

Even if Petitioner establishes that his claims are cognizable attacks on a prior conviction, however, the Petition will remain subject to summary dismissal because it is untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). State prisoners whose convictions—like Petitioner's 1985 and 1992 convictions—became final prior to AEDPA's enactment had a one-year grace period beginning in April 1996 in which to file habeas petitions attacking those convictions. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                                                      Date: July 23, 2021

Title   *Sylvester Floyd v. Rick M. Hill*

      (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

      Here, to the extent that Petitioner challenges his 1985 (or 1992) conviction on the grounds that his plea agreement was not knowing, intelligent, and voluntary, his deadline for filing a habeas petition presenting this issue lapsed in April 1997—more than twenty years ago.

      To the extent that Petitioner challenges his 2002 conviction and related sentence, the state court's judgment became final in or around April 2004—when Petitioner's deadline for filing a petition for writ of certiorari with the United States Supreme Court passed.  *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1) includes the 90-day period for filing a petition for certiorari in the United States Supreme Court). Accordingly, Petitioner's deadline for filing a federal habeas petition attacking his 2002 conviction expired one year later, in or around April 2005, which is now more than fifteen years ago.

      Further, the Petition does not allege, much less establish, that Petitioner is entitled to an alternative commencement date for the statute of limitations or that he is entitled to statutory or equitable tolling.  (*See generally* Petition.)  As stated above, although Petitioner filed numerous state habeas petitions, he waited to file his first state habeas petition in either the California Court of Appeal or the California Supreme Court until four years after his 2002 conviction became final, which suggests that it was filed *after* AEDPA's one-year statute of limitations had lapsed.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

      Finally, given Petitioner's prolific litigation concerning his conviction and sentence in both the state courts and this Court, it seems a veritable impossibility that Petitioner could demonstrate that extraordinary circumstances beyond his control prevented him from filing a habeas petition presenting his instant claims until this very month.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                                             Date: July 23, 2021

Title   _Sylvester Floyd v. Rick M. Hill_

    In sum, Petitioner has not—and, most likely, cannot—demonstrate sufficient statutory and/or equitable tolling to extend his deadline for filing the instant Petition by the necessary fifteen to twenty years. Accordingly, regardless of which conviction, or convictions, Petitioner is challenging, the Petition is untimely by at least a decade—if not two—rendering the Petition subject to dismissal under Habeas Rule 4.

**VI.   The Petition Appears to be an Unauthorized Second and Successive Petition**

    Finally, to the extent that Petitioner is challenging the conviction and sentence for which he is currently in custody—namely, his 2002 conviction and related sentence—the Petition is also subject to dismissal because it appears to be an unauthorized second and successive petition. As noted above, this is Petitioner's fourth federal habeas petition attacking this conviction. However, state habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

    Furthermore, even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The Court, however, is not aware that Petitioner sought and received leave from the Ninth Circuit to file a second or successive petition presenting the instant claims. Therefore, the Petition must be dismissed because the Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                                              Date: July 23, 2021

Title       _Sylvester Floyd v. Rick M. Hill_

**VII.   Conclusion and Order**

In sum, it plainly appears from the Petition and available state and federal court records that Petitioner is not entitled to relief for the following reasons: (1) the Petition is not cognizable to the extent it challenges the state courts' decision concerning his California Penal Code Section 1016.8 motion; (2) the Petition is untimely to the extent that it attacks Petitioner's 1985, 1992, and/or 2002 conviction(s); and (3) the Petition is an unauthorized second or successive petition to the extent it attacks his 2002 conviction. _See_ Habeas Rule 4. Any one of these reasons warrants summary dismissal under Habeas Rule 4. Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to correct these defects by filing a First Amended Petition that establishes that the Petition (1) asserts a cognizable claim for relief, (2) is timely, and (3) does not constitute an unauthorized second or successive petition.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than August 22, 2021, shall file a First Amended Petition that does <u>all</u> of the following:**

(1) **Clearly identifies the state court judgment or proceeding that Petitioner is challenging;**
(2) **Asserts claims solely arising under "the Constitution, laws, or treaties of the United States";**
(3) **Clearly identifies the date on which the statute of limitations began to run on Petitioner's claims;[4]**
(4) **Establishes one or both of the following:**
   a. **Petitioner is entitled to significant statutory tolling due to the number and timing of his state habeas petitions attacking the relevant conviction or sentence; and/or**
   b. **Petitioner diligently pursued the instant habeas claims but extraordinary circumstances beyond his control prevented Petitioner from filling the Petition for many years.**

---

[4]   This date is either the date of AEDPA's implementation (April 1996) or one of the following: (A) the date on which the conviction being attacked became final; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action was removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim <u>could have been discovered</u> through the exercise of due diligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-5767-MCS (KS)                                   Date: July 23, 2021

Title   _Sylvester Floyd v. Rick M. Hill_

**(5) The Petition either (a) is not "second or successive" because Petitioner has not previously filed a federal habeas petition attacking the conviction or sentence at issue or (b) is an authorized second or successive petition because Petitioner received leave from the Ninth Circuit to file it.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr